# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY FORREST,**

                Plaintiff,

                                  **Case No. 06-C-14**

    -vs-

**C.M.A. MORTGAGE, INC.,**

                Defendant.

## DECISION AND ORDER

The plaintiff, Mary Forrest ("Forrest"), has brought a putative class action under the Fair Credit Reporting Act ("FCRA"). Forrest has moved for a stay of these proceedings pending the Supreme Court's decision in *GEICO Gen. Ins. Co. v. Edo*, 06-100, 127 S.Ct. 36, 165 L.Ed.2d 1014 (Sept. 26, 2006) and *Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 36, 165 L.Ed.2d 1014 (Sept. 26, 2006). The Supreme Court has granted certiorari in these cases to resolve a circuit conflict over the proper standard to be applied in deciding whether conduct is "willful" under the FCRA. Forrest argues that the case should be stayed in the interest of avoiding potentially unnecessary disputes during the course of discovery. Defendant opposes a stay.

The Scheduling Order which governs this matter allows discovery to continue through November 30, 2007. Oral argument in *GEICO/Safeco* is scheduled for January 16, 2007, so there is plenty of time for the Supreme Court to render a decision in advance of the discovery deadline. While the Court appreciates the need to preserve judicial resources, judicial

resources are not being taxed during the course of discovery, and the Court will not stay proceedings based on the speculative possibility that a discovery dispute will arise.

Furthermore, the scope of discovery under the federal rules is broad, and discovery requests can be appropriately tailored to encompass either or both of the prevailing standards for "willfulness" as applicable to Forrest's claims. To the extent any other "litigation activity" takes place, such activity is not likely to take place until the January 7, 2008 dispositive motion deadline.[1]

Finally, the Court notes that Forrest does not argue that she will be prejudiced if discovery and/or motion practice continues pursuant to the Court's Scheduling Order. If the issue of "willfulness" becomes a dispositive issue in this case prior to the Supreme Court's resolution of the circuit split, a stay of proceedings may be considered appropriate. Until that happens, discovery should continue.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Forrest's Rule 7.4 Expedited Non-Dispositive Motion to Stay Proceedings [Docket No. 27] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2007.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA
Chief Judge**

---

[1] Plaintiff's motion for class certification is currently pending, but the Court does not believe the Supreme Court's decision, one way or the other, will have any bearing on the outcome of this decision.