**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MARY FORREST,**

                Plaintiff**,**

                              **Case No. 06-C-14**

    **-vs-**

**C.M.A. MORTGAGE, INC.,**

                Defendant.

---

## DECISION AND ORDER

---

The plaintiff, Mary Forrest ("Forrest"), alleges that the defendant, C.M.A. Mortgage ("CMA"), accessed her credit report in order to send her a loan solicitation mailing in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Forrest has moved for class certification pursuant to Fed. R. Civ. P. 23. Specifically, Forrest seeks to certify a class consisting of all persons with Wisconsin addresses to whom CMA sent solicitations since November 20, 2004.[1] For the reasons that follow, Forrest's motion is granted.

Forrest alleges that the accessing of her consumer report without her consent or for any lawful reason is an FCRA violation because it did not meet any of the FCRA's enumerated exceptions. *See* 15 U.S.C. § 1681b. Forrest alleges that the violation was willful and seeks statutory damages pursuant to 15 U.S.C. § 1681n ("Any person who

---

[1] The solicitation is attached as Exhibit A to the Declaration of Jason Altman, Docket No. 15.

willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000").

Rule 23 provides that class certification is appropriate when the party seeking certification establishes numerosity, commonality, typicality, and adequacy of representation. *See Rosario v. Livaditis*, 963 F.2d 1013, 1016 (7th Cir. 1992). In addition, at least one of the elements set forth in Rule 23(b) must be satisfied. Here, plaintiff argues that a class action is superior to other available methods of resolution pursuant to Rule 23(b)(3).

**I.      Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Although the exact number and identities of the proposed class members is currently unknown, a class action may proceed "upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 325 (E.D.N.Y. 1982). It is reasonable to assume that the solicitation mailing Forrest received was part of a mass mailing campaign, likely sent to hundreds if not thousands of individuals in Wisconsin. *See, e.g., Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983) (court may make "common sense assumptions in order to find support for numerosity"). Accordingly, the Court finds that the proposed class is so numerous that joinder would be impracticable.

## II. Commonality

Rule 23(a)(2) requires that there be common questions of law or fact. A common question of law or fact is presented by the issue of whether the defendant's accessing of the class members' consumer reports violates the FCRA because there was no "firm offer of credit." The resolution of this issue presents questions of law or fact that are common to all members of the purported class. "To decide whether [the defendant] has adhered to the statute, a court need only determine whether the four corners of the offer satisfy the statutory definition, and whether the terms are honored when consumers accept. These questions readily may be resolved for a class as a whole." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 955 (7th Cir. 2006).

## III. Typicality

A plaintiff's claim is typical "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). The issues presented by the complaint are typical of the purported class as required by Rule 23(a)(3).

## IV. Adequacy of Representation

Rule 23(a)(4) provides that the representative parties must "fairly and adequately protect the interests of the class." To meet this requirement, plaintiff's attorney must be qualified, experienced and generally able to conduct the proposed litigation, and plaintiff must not have interests antagonistic to the class. *See Rosario*, 963 F.2d at 1018.

The Court is familiar with plaintiff's attorneys, Ademi & O'Reilly, who have litigated and are in the process of litigating several FCRA actions in this Court. Counsel further represents that it has litigated several FCRA cases in federal court as class counsel. The Court finds that Ademi & O'Reilly are experienced and qualified to serve as class counsel in this matter.

CMA argues that plaintiff cannot fairly and adequately represent the class because she failed to request all available relief by seeking only statutory damages, capped at $1,000.00 per individual. This, CMA argues, is to the detriment of absent putative class members who may have claims for actual damages exceeding $1,000.00 or for punitive damages. However, in a case such as this, "individual losses, if any, are likely to be small – a modest concern about privacy, a slight chance that information would leak out and lead to identiy theft. That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury." *GMAC Mortgage*, 434 F.3d at 952. Furthermore, any *res judicata* concerns are allayed by the simple fact that purported class members may opt-out and pursue individual claims if they choose not to benefit from class treatment. *See* Fed. R. Civ. P. 23(c)(2)(B). Accordingly, plaintiff is a fair and adequate representative for the class.

**V.     Superiority**

Plaintiff proceeds under Rule 23(b)(3), which provides that for a class to be certified, the Court must find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." CMA argues that a class action is not superior to

individual suits because due process concerns are implicated by aggregating small statutory damages awards, which could result in an award that does not bear any relation to the actual harm suffered by the purported class members. *See, e.g., Ratner v. Chem. Bank*, 54 F.R.D. 412, 416 (S.D.N.Y. 1972) (denying certification because of the "horrendous, possibly annihilating punishment, unrelated to any damage to the purported class").

This argument was considered and rejected by the Seventh Circuit in *GMAC Mortgage*, which certified a FCRA class in similar circumstances. "An award that would be unconstitutionally excessive may be reduced, but constitutional limits are best applied *after a class has been certified*. . . . Reducing recoveries by forcing everyone to litigate independently – so that constitutional bounds are not tested, because the statute cannot be enforced by more than a handful of victims – has little to recommend it." *GMAC Mortgage*, 434 F.3d at 954 (emphasis added) (internal citations omitted).

CMA's argument boils down to the dubious proposition that it should not be held accountable for its actions because it broke the law too many times against too many people. "The reason that damages can be substantial, however, does not lie in an 'abuse' of Rule 23; it lies in the legislative decision to authorize awards as high as $1,000 per person, combined with GMACM's decision to obtain the credit scores of more than a million persons." *GMAC Mortgage*, 434 F.3d at 953 (internal citations omitted). Accordingly, pursuant to *GMAC Mortgage*, binding precedent which the Court is obliged to follow, a class action is the superior method of adjudication.

## VI. Individual Inquiries

In conjunction with Rule 23(a)(2), Rule 23(b)(3) requires that common questions of law or fact must predominate over any questions "affecting only individual members." CMA argues that an individualized assessment is required to determine whether each individual class member received a "firm offer of credit" as defined by the FCRA. This argument was also rejected in *GMAC Mortgage*, which held that this determination does not require a "consumer-by-consumer evaluation. An offer has value to 'the consumer' if it is useful to the *normal* consumer." 434 F.3d at 955 (emphasis in original). To decide if a firm offer of credit was made, the Court "need only determine whether the four corners of the offer satisfy the statutory definition, and whether the terms are honored when consumers accept. These questions readily may be resolved for a class as a whole." *Id.* at 956. As in *GMAC Mortgage*, these common questions predominate over individual issues.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Forrest's motion to certify this matter as a class action [Docket No. 14] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2007.

        **SO ORDERED,**

        **s/ Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**

-6-

Case 2:06-cv-00014-RTR   Filed 01/19/07   Page 6 of 6   Document 30