# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY FORREST,**

                Plaintiff,

**AMERICAN FAMILY INSURANCE COMPANY,**

                Intervenor-Plaintiff,

                                              **Case No. 06-C-14**

        **-vs-**

**C.M.A. MORTGAGE, Inc.,**

                Defendant.

# DECISION AND ORDER

This matter is a certified class action under the Fair Credit Reporting Act ("FCRA"). After the Court granted Mary Forrest's ("Forrest") motion for class certification on January 19, 2007, CMA Mortgage move to decertify the class on the grounds that Forrest is an inadequate class representative. Subsequently, American Family Insurance Company moved for leave to intervene for the purpose of litigating coverage issues under a policy issued to CMA. Finally, and most recently, Forrest filed an expedited Rule 7.4 Motion to Stay Proceedings pending the completion of class settlement proceedings in *Wanek v. C.M.A. Mortgage, Inc.*, No. 05 C 04775 (N.D. Ill.).

First, the Court must decide American Family's motion for intervention. American Family moves to intervene under Fed. R. Civ. P. 24(a)(2) (Intervention of right). To intervene under Rule 24(a)(2), an applicant must demonstrate that "(1) the application is

timely; (2) the applicant has an 'interest' in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest." *Security Ins. Co. of Hartford v. Schipporeit*, 69 F.3d 1377, 1380 (7th Cir. 1995).

American Family requests a declaratory judgment that CMA is not entitled to coverage or a defense for the claims in this lawsuit. At this point, American Family is providing CMA with a defense while reserving its rights under the policy. American Family's motion to intervene meets the requirements of Rule 24(a)(2) and is granted. *See, e.g., United States v. Thorson*, 219 F.R.D. 623 (W.D. Wis. 2003) (insurer's interest in avoiding potentially unnecessary expenditure of legal fees in the underlying action sufficient to justify intervention as of right); *Hagen v. Van's Lumber & Custom Builders, Inc.*, Case 06-C-122, 2006 WL 3404772 at *3 (E.D. Wis.) (same).

Next, Forrest requests a stay pending class settlement proceedings in *Wanek*. The class plaintiff in *Wanek* alleges the same FCRA violation as alleged in the instant case. Forrest moves to stay these proceedings because, as it represents to the Court, "the plaintiff in *Wanek* and defendant (confirmed by defendant's counsel in *Wanek*) have agreed to settle both *Wanek* and this action on a class-wide basis in the Northern District of Illinois." (Docket No. 57, ¶ 3).

-2-

Case 2:06-cv-00014-RTR   Filed 10/03/07   Page 2 of 6   Document 60

Accordingly, the Court presumes that CMA does not oppose Forrest's motion for a stay.[1] However, American Family opposes the motion for a variety of reasons. Since American Family continues to provide CMA with a defense while this matter is ongoing, American Family obviously wants to resolve the coverage issues as soon as possible. The Court will not prevent American Family from pursuing its coverage defenses in this matter.

However, American Family also objects to a stay in light of CMA's pending motion for class decertification. While Forrest and CMA agree that CMA's motion for class decertification should be dismissed if the Court grants a stay,[2] American Family argues that "CMA's motion for class decertification, in which American Family joins, must be fully considered and decided in order to ensure the integrity of the litigation." (Docket No. 58 at 2). American Family goes on to lecture the Court about its duty to ensure an appropriate and fair class settlement and argues that a settlement in the Illinois case cannot resolve the issues pending here.

While it may seem unfair for American Family to defend CMA under these circumstances, American Family's interest in the underlying lawsuit is a result of the "severe consequences if it breaches its duty to defend" CMA. *Thorson*, 219 F.R.D. at 626. This interest is protected by allowing American Family to litigate coverage issues under the policies issued to CMA. By allowing intervention, American Family will be able to "obtain

---

[1] CMA did not file a timely response to Forrest's motion.

[2] The Court presumes that CMA conditionally waives its argument that Forrest is not an adequate class representative, pending the outcome of the settlement proceedings in Illinois. As Forrest writes in her motion to stay, if the stay is granted, "all pending motions should be denied *without prejudice*." (Docket No. 57, ¶ 5) (emphasis added).

-3-

a determination of coverage *before* the underlying issue of liability is decided." *Id.* at 627 (emphasis in original). However, the underlying issue of liability is left to Forrest and CMA. American Family, as an intervening party, does not have standing to inject its views and arguments into the litigation of the claims between Forrest and CMA. The Court rejects American Family's attempts to do so.

The Court recognizes its duty to ensure the fairness of any potential class action settlement. Accordingly, American Family need not – and cannot – concern itself with the integrity of the underlying class action litigation. CMA is free to renew the arguments made in its motion to decertify at some point in the future. For now, the Court agrees that the motion should be dismissed in light of a possible settlement.

Finally, one cautionary note about jurisdiction. American Family alleges that the Court has subject matter jurisdiction over its intervenor complaint pursuant to 28 U.S.C. § 2201(a) (Declaratory Judgment Act). American Family is wrong: § 2201 does not serve as an independent basis for federal jurisdiction. *See TIG Ins. Co. v. Reliable Research Co.*, 334 F.3d 630, 634 (7th Cir. 2003). However, the prevailing rule is that where intervention is of right under Rule 24(a)(2), no independent jurisdictional grounds are required and the claim falls within the ancillary or supplemental jurisdiction of the Court. *See Mutual Fire, Marine and Inland Ins. Co. v. Adler*, 726 F. Supp. 478, 481 (S.D.N.Y. 1989) ("when the court's jurisdictional requirements are met with regard to the original parties, a party who subsequently intervenes 'as of right' pursuant to Rule 24(a)(2) . . . need not have an

independent ground of federal jurisdiction"); *see also Hagen,* 2006 WL 3404772 at *1. Nonetheless, the law "is not as clear as one would prefer." *Hagen* at *1.

In this light, the Court might have an independent ground for jurisdiction over the intervenor complaint pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). American Family alleges that it is a Wisconsin corporation and that CMA is an Indiana corporation, but there are no allegations with respect to the amount in controversy. The Court encourages American Family to pursue the possibility that its complaint meets the amount in controversy requirement and to amend its complaint accordingly.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. American Family Mutual Insurance Company's motion to intervene [Docket No. 41] is **GRANTED**. The Clerk of Court is directed to amend the caption accordingly. American Family's Intervenor Complaint [Docket No. 44] is deemed to be filed with the Court and served on all parties on the date of the signing of this Order.

2. Forrest's motion for a stay [Docket No. 57] is **GRANTED-IN-PART** and **DENIED-IN-PART**. Forrest's motion to stay is **DENIED** with respect to the insurance coverage issues presented by American Family's Intervenor Complaint. Forrest's motion to stay is **GRANTED** in all other respects.

3. CMA's motion for class alteration [Docket No. 36] is **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2007.

          **SO ORDERED,**

          **s/ Rudolph T. Randa**
          **HON. RUDOLPH T. RANDA**
          **Chief Judge**